PEOPLE *v.* RAFALKO

1. EMBEZZLEMENT—INTENT—PRESUMPTION.
   Statute which makes intent an element of embezzlement and
   provides that the failure of the accused to pay, deliver or
   refund the property to his principal upon demand shall be
   *prima facie* proof of intent to embezzle is not ambiguous;
   the presumption of intent to embezzle is a rationally presumed
   fact more likely than not to flow from the basic or proved
   fact of "failure, neglect or refusal to pay with money upon
   demand" and makes easier the prosecution's difficult task of
   proving intent by means of the presumption of one fact from
   another which has already been established (MCLA
   § 750.174).

2. EMBEZZLEMENT—RESTITUTION—STATUTES—CONSTITUTIONAL  LAW
   —EQUAL PROTECTION.
   Under an embezzlement statute, the fact that the money is re-
   turned does not allow a person to escape prosecution and
   conviction and the provision in the statute, that the failure of
   the accused to pay, deliver or refund the property to his
   principal upon demand shall be *prima facie* proof of intent
   to embezzle, is not an exculpatory clause allowing escape from
   prosecution if restitution is made; hence, the statute does not
   violate the right of equal protection of the law (US Const,
   Am 14 § 1; Const 1963, art 1 § 2; MCLA § 750.174).

3. STATUTES—BILL OF ATTAINDER.
   The statute under which a defendant was prosecuted is not a
   bill of attainder where it did not name the defendant, did not
   judge him guilty and he had a trial administered by the ju-
   dicial branch of government.

REFERENCES FOR POINTS IN HEADNOTES
[1]  26  Am  Jur  2d,  Embezzlement  §§ 19–21.
[2]  26  Am  Jur  2d,  Embezzlement  § 47.
[3]  16  Am  Jur  2d,  Constitutional  Law  § 412.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 May 4, 1970, at Grand Rapids. (Docket No. 7,090.) Decided September 29, 1970.

John Rafalko was convicted of embezzlement of money of the value of more than $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: Fitzgerald, P. J., and J. H. Gillis and O'Hara,* JJ.

Fitzgerald, P. J. John Rafalko, defendant in the present case, was tried without a jury for embezzlement of money of the value of more than $100 contrary to MCLA § 750.174 (Stat Ann 1962 Rev § 28.371). Defendant was convicted and sentenced to two years probation and restitution of $219. Defendant appeals from the judgment and sentence of the trial court.

The facts which led to the arrest and conviction of John Rafalko are as follows:

Prior to September 1968, defendant was employed as a bartender by Walter Rodgers, the owner of an establishment known as Walter's Bar which is

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

located at 10027 Joseph Campau in the City of Hamtramck. On September 24, 1968, while working at the bar, defendant did take and use certain money belonging to Mr. Rodgers. On the following morning, Mr. Rodgers located Rafalko and asked him what he had done with the money. Rafalko admitted taking the money and also losing it at the race track the previous evening. It appears that defendant promised to make restitution later that evening. Several hours later, Rodgers came to the bar and demanded that Rafalko return the money which he had taken. Defendant stated that he did not have the money, whereupon Rodgers discharged him and indicated that he did not wish to see him around the bar anymore. Approximately one week later, defendant was arrested.

Three questions are raised on this appeal, all of which concern MCLA § 750.174 (Stat Ann 1962 Rev § 28.371), which states:

"Any person who as the agent, servant or employee of another, or as the trustee, bailee or custodian of the property of another, or of any partnership, voluntary association, public or private corporation, or of this state, or of any county, city, village, township or school district within this state, shall fraudulently dispose of or convert to his own use, or take or secrete with intent to convert to his own use without the consent of his principal, any money or other personal property of his principal which shall have come to his possession or shall be under his charge or control by virtue of his being such agent, servant, employee, trustee, bailee or custodian, as aforesaid, shall be guilty of the crime of embezzlement, and upon conviction thereof, if the money or personal property so embezzled shall be of the value of $100 or under, shall be guilty of a misdemeanor; if the money or personal property so embezzled be of the value of more than $100, such

person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine not exceeding $5,000.

"In any prosecution under this section, the failure, neglect or refusal of such agent, servant, employee, trustee, bailee or custodian to pay, deliver, or refund to his principal such money or property entrusted to his care upon demand shall be prima facie proof of intent to embezzle".

First we shall consider the matter of proving intent. More precisely stated, when intent is an element of a crime charged, does *prima facie* proof created by statute relieve the people of the burden of proving such intent? Defendant argues that the first paragraph of the statute quoted, *supra,* requires that intent be proven, while the second paragraph provides *prima facie* proof of intent. He contends that such an ambiguous position should be resolved by requiring the prosecution to prove intent. Defendant also contends that the people have not met their burden of proving the specific intent which is a requisite for conviction under the statute.

A reading of the statute clearly reveals that another construction is possible, one that is more representative of the intent of the legislature. It appears to the court that the second paragraph simply describes "intent" as used in the first paragraph. Only a strained reading would result in any ambiguity. This section makes easier the prosecution's difficult task of proving intent in embezzlement cases by means of the presumption of one fact from another which has already been established.

In *Leary* v. *United States* (1969), 395 US 6 (89 S Ct 1532, 23 L Ed 2d 57), the Supreme Court reviewed several types of statutory presumptions and established guidelines for testing their validity

on constitutional grounds. In its opinion, the Court stated:

" . . . that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary', and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. And in the judicial assessment the congressional determination favoring the particular presumption must, of course, weigh heavily".

Upon reviewing the facts of the case at hand, this Court concludes that the presumption of intent to embezzle is a rationally presumed fact and is more likely than not to flow from the basic or proved fact of "failure, neglect or refusal to pay such money upon demand". Furthermore, in addition to the statutory presumption regarding intent, the record contains evidence of the fact that defendant, while employed at the bar, took his employer's money without consent and disposed of it by gambling at the race track.

Defendant next contends that MCLA § 750.174 violates an individual's right of equal protection of the law as guaranteed in the Fourteenth Amendment, § 1 of the United States Constitution and in Const 1963, art 1, § 2.

He argues that the people are relieved of the burden of proving specific intent to embezzle by implementation of the second paragraph when prosecuting a purported embezzler unable to return the money upon demand. On the other hand, a purported embezzler with sufficient means to return the money may escape prosecution and conviction altogether. Thus, it is argued that the *prima facie* inference of the statute may apply to the poor but

not to a man wealthy enough to return the money taken.

In support of this argument, defendant cites *Griffin* v. *Illinois* (1956), 351 US 12 (76 S Ct 585, 100 L Ed 891), which in effect ruled that Illinois appellate review previously available to those who had the means with which to purchase a transcript must likewise be made available to the poor. Defendant attempts to analogize the arbitrary classification and resulting discrimination found in *Griffin* to the facts of the present case.

While such an argument is truly novel, a careful consideration of the presumption itself has been ignored. Underlying the entire thesis is the supposition that an alleged embezzler capable of returning the money may escape legal consequences for his crime. We do not so read the statute. The first section of the statute is complete in itself. The requirement of intent is provable in the same manner as any statute requiring intent. The facts of the case at hand reveal that no advantage is given the purported embezzler who is able to return the monies taken upon demand. The fact that these monies are returned does not allow an individual to escape prosecution and conviction, for he can be prosecuted under the first paragraph of the statute without the aid of the presumption. The second paragraph is not an exculpatory clause allowing escape from prosecution if restitution is made. Hence, this Court finds that MCLA § 750.174 (Stat Ann 1962 Rev § 28.371) does not violate an individual's right of equal protection of the law.

The last issue raised is whether the statute under which defendant was convicted falls within the confines of the constitutional prohibition against bills of attainder. This issue is entirely without merit. The definition quoted by defendant describes a bill

of attainder as a "legislative act, directed against a designated person, pronouncing him guilty of an alleged crime (usually treason) without trial or conviction according to recognized rules of procedure, and passing sentence of death and attainder upon him". The portion of the statute presently in dispute did not name John Rafalko; it did not judge him guilty. Defendant had a trial administered by the judicial branch of government. This Court finds that the statute is not a bill of attainder.

Affirmed.

All concurred.